UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BRENDA BICKHAM,

    Plaintiff,

v.

JENNIFER MARCUS, SCOTT BROADY,
RUTH GRUNKE KLEIN, CYNTHIA
JAHNKE, FRANCIS STANDING, and
REM RIVER BLUFFS, INC.,

    Defendants.

---

Civil No. 14-608 (ADM/JJK)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must

allege facts, which if true, state a claim as a matter of law"). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff's complaint is incomprehensible. The "Statement of the Claim" section of the complaint is just a random assortment of Bible verses and biblical exhortations. There are no allegations showing that any named Defendant did anything, (or failed to do anything), that could entitle Plaintiff to any legal redress. Indeed, none of the Defendants is even mentioned in the substantive "allegations" of the complaint.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint clearly does not meet this standard. The complaint does not describe any specific acts or omissions by any identifiable Defendant that could entitle Plaintiff to any relief under any legal theory. The Court finds that even with the liberal construction that is required in pro se cases, Plaintiff's current complaint clearly fails to state a cause of action on which relief may be granted.

Because Plaintiff has failed to plead an actionable claim for relief, her IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: March 14, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 31, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.